**ALD-210**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-1592

FRANK CECIL CANNON,
                                                        Appellant

v.

MARY SABOL, Warden of York County Prison

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-1945)
District Judge:  Honorable Malcolm Muir

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 26, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed     June 7, 2010 )

OPINION

PER CURIAM

        Frank Cannon appeals the District Court's order denying his petition for habeas

corpus.  For the reasons below, we will affirm.

The procedural history of this case and the details of Cannon's claims are well known to the parties and need not be discussed at length. Briefly, Cannon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He argued that when he was admitted into the county prison, an intake counselor wrote down that Cannon was a pagan and not a Hebrew Israelite. He contended that he was not allowed to participate in Hebrew activities, which denied his rights under the First Amendment. He requested that the District Court grant the writ and enjoin respondents from violating his rights. The District Court denied the petition without prejudice to Cannon presenting his claims in a properly filed civil rights complaint. Cannon filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

We agree with the District Court that Cannon's claims concerning his participation in religious activities at the prison do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). None of his claims challenges the fact or length of his sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.